UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRUCE TIBBETTS, ) ) *Plaintiff* ) ) *v.* ) ) MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) ) *Defendant* ) | No. 1:11-cv-408-DBH |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge's decision is not supported by substantial evidence because it did not account for the "unanimous" finding of two state-agency psychologists limiting him to two-hour blocks of sustained activity in simple tasks and because it erroneously relies on a regulation when testimony from a vocational expert was required. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 10) at 4-14. I recommend that the commissioner's decision be upheld.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 20, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

mood disorder, anxiety disorder, depression, post-traumatic stress disorder, and polysubstance abuse disorder, impairments that were severe, and, when considered separately or in combination, met or equaled the criteria of several impairments listed in Appendix 1 to 20 C.F.R. Subpart 404, Subpart P (the "Listings"), Findings 3-4, Record at 14-15; that the other impairments would remain severe if the polysubstance abuse were not considered, but those impairments, considered separately or in combination, would not meet or medically equal the criteria of any impairment in the Listings, Findings 5-6, *id.* at 16; that, if the plaintiff stopped his substance use, he would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he was limited to simple, routine repetitive work, not able to work cooperatively with large numbers of co-workers, and could not work with the general public, Finding 7, *id.* at 17; that the plaintiff had no past relevant work, Finding 8, *id.* at 20; that, given his age ($45^2$ years old on the alleged date of onset, January 1, 2006, a younger individual), at least a high school education, work experience, and RFC, there were a significant number of jobs in the national economy that he could perform, Finding 12, *id.*; and that the plaintiff would not be disabled if he stopped his substance use, which was a contributing factor material to the determination of disability, and that, therefore, he was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision, Finding 13, *id.* at 21. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

[2] The administrative law judge gives the plaintiff's age on the alleged date of onset as 46, but, with a date of birth of July 12, 1960, Fact Sheet for Social Security Appeals: Plaintiff (ECF No. 10-1), I calculate an age of 45. The error is harmless.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. The Two-Hour Block

The plaintiff contends that a limitation in the administrative law judge's RFC to "simple, routine repetitive work," without more, is "inconsistent with the RFC limitations *unanimously* assessed by the state agency psychologists[,]" specifically because it "failed to include a limitation to not more than two hour blocks for effective attention and concentration." Itemized Statement at 5-6 (emphasis in original). He describes this as "a critical, additional *durational* limitation that reflects Plaintiff's inability to perform such work over an extended period." *Id*. at 6 (emphasis in original).

The record support that the plaintiff cites for this argument consists of two reports from Lewis F. Lester, Ph.D., and one from Brian Stahl, Ph.D. *Id*. at 5-7. Dr. Lester's reports are dated May 20, 2008, and May 14, 2009, Record at 591, 633, and Dr. Stahl's is dated February 1, 2010, *id.* at 766. In each report, the box labeled "Moderately Limited" is checked for the entries "The ability to maintain attention and concentration for extended periods" and "The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Id*. at 589-90; 646-47; 779-80. Both of Dr. Lester's reports contain the same statement under the heading "functional capacity assessment": "He can be reliable and sustain 2-hour blocks at simple tasks at a consistent pace over a normal work day/week." *Id*. at 591, 648. Dr. Stahl's comparable conclusion is the following: "He is able to work in 2 hour blocks performing at least simple tasks over the course of a normal workday/workweek." *Id*. at 781.

The plaintiff relies primarily on this court's recommended decision in *Bartlett v. Astrue*, No. 05-23-B-W, 2005 U.S.Dist.LEXIS 16330 (D. Me. Aug. 9, 2005), quoting it correctly. However, since *Bartlett*, the law in this district has evolved concerning the correct interpretation of the "two-hour block" language that appears in many state-agency psychiatric review technique forms. Magistrate Judge Kravchuk noted in *Baker v. Social Sec. Admin. Commissioner*, No. 1:10-cv-167-JAW, 2011 WL 1298694 (D. Me. Mar. 31, 2011), a case in which the plaintiff was represented by the attorney who represents the plaintiff in the instant case, that, in *Bartlett*, the plaintiff's past relevant work was at issue with respect to the two-hour block, *id*. at *5. Here, there is no past relevant work implicated. Record at 20.

In addition, the following language from *Baker* is inconsistent with the language from *Bartlett* quoted by the plaintiff, and, thus, inconsistent with the plaintiff's argument:

4

> According to the Commissioner's regulations, it is assumed that most jobs permit a morning, lunch, and afternoon break, in roughly two-hour intervals, and the two-hour block qualifier is simply a reminder that substantial gainful activity does not require constant concentration and persistence without interruption throughout the workday. To the Commissioner, a notation about two-hour blocks is simply a term of art, or shorthand reference, to a basic presupposition inherent in the concentration, persistence, and pace analysis. At oral argument, Commissioner's coun[se]l described the concept as an "agency ground rule." This is borne out by the Administration's Program Operations Manual, . . . which instructs administrative claims adjudicators, when considering "stamina" for substantial gainful activity, to "[c]onsider an 8-hour workday and a 5 day work week (with normal breaks, e.g., lunch, morning and afternoon breaks) in evaluating the ability to sustain work-related functions." POMS § DI24510.005(C)(2)(b). Similarly, the Manual explains in relation to mental limitations that the "mental abilities needed for any job" include the ability to understand, remember, and carry out simple instructions by, among other things, maintaining concentration and attention "for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure." POMS § DI25020.020(B)(2)(a).

2011 WL 1298694, at *4. The court in *Baker* further explained:

> Like Dr. Lester, many other Disability Determination Services consultants express their RFC opinions about a claimant's ability to sustain concentration and persistence in terms of being able to do so in "two-hour blocks." When they do so, it is not always clear that they are placing a cap on a claimant's ability to concentrate so much as identifying that he can clear the regulatory "two-hour block" hurdle. This case provides a good example. Dr. Lester indicated that Baker "can be reliable and sustain 2-hour blocks at simple tasks at a consistent pace over a normal work day/week." The significance is that Dr. Lester found Baker to be capable of satisfying the mental requirements of simple work. Dr. Lester found, in effect, that Baker can concentrate on and persist with simple tasks all day, five days per week, understanding that there will be regular breaks. Dr. Lester was not prescribing Baker's maximum duties or his minimum break period. He was simply alluding to a regulatory presumption about the mental demands of simple work.

*Id.* (citation omitted). This court in *Baker* concluded:

> The nature of the two-hour blocks qualifier as a presumptive "ground rule" is reflected in the treatment administrative law judges often accord it. For example, it is not uncommon for judges to ignore this qualifier altogether, failing to incorporate it into their RFC findings and, by

5

>extension, failing to relay it to the vocational experts for purposes of step 4 and step 5 factual development. In other cases, judges incorporate the qualifier into their RFC findings but treat it as having no significant weight, finding the claimant "not disabled" based on application of the Guidelines at step 5, without relying on testimony from a vocational expert. Although this Court has previously found the two-hour block language to be a factor in remanding cases involving application of the Guidelines at step 5, it has done so in cases involving additional and more significant nonexertional restrictions. To my knowledge, there is no case in this District or any other suggesting that a restriction to simple tasks, two-hour blocks of concentration, would not properly resolve by application of the Guidelines at step 5, assuming no other non-exertional restrictions.

2011 WL 1298694, at *4-*5 (citations omitted).

I adopted this reasoning in *MacDougall v. Astrue*, No. 2:10-cv-400-GZS, 2011 WL 4566268, at *8 (D. Me. Sept. 29, 2011), another case in which the current plaintiff's attorney represented the claimant. It is just as applicable, and determinative, here. *See also Hawley v. Astrue*, No. 1:09CV246, 2012 WL 1268475, at *7 (M.D.N.C. Apr. 16, 2012); *McGrath v. Astrue*, Civil No. 10-cv-455-JL, 2012 WL 976026, at *6 (D.N.H. Mar. 22, 2012); Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011-2012), at 158.[3]

---

[3] At oral argument, the plaintiff's attorney argued that this case is distinguishable from *Baker* and *MacDougall* because the administrative law judge in those cases took testimony from a vocational expert, while no vocational expert testified in this case. He contended that Judge Kravchuk suggested in *Baker* that a plaintiff's ability to cross-examine a vocational expert about the two-hour block element was critical in that case. I do not so read *Baker*, and, in any event, as counsel for the commissioner pointed out, this argument is not made in the plaintiff's itemized statement and therefore is not properly before this court. *See, e.g., Hewes v. Astrue*, No. 1:10-cv-513-JAW, 2011 WL 4501050, at *6 n.7 (D. Me. Sept. 27, 2011).

### B. Vocational Testimony

The plaintiff presents as a separate issue his contention that "[t]he ALJ's failure to provide medical evidence that a 2-hour durational limitation need not be included in his RFC finding and his failure to obtain VE testimony that such a limitation, in combination with Plaintiff's other non-exertional limitations, would not significantly erode the occupational base, irreparable compromised his ultimate Step 5 finding." Itemized Statement at 9. As set forth above, there is no requirement that the administrative law judge "provide medical evidence" to support his failure to mention a two-hour durational block of concentration in the RFC assigned to a claimant. The language quoted above from *Baker* also makes the use of a vocational expert under the circumstances of this case unnecessary.

The plaintiff argues that "the Court should decline to follow" what he calls "the Baker alternative approach" for several reasons. *Id*. at 10-14. His first reason is a contention that "the mental RFC assessment process expressly considers *sustained* concentration and persistence to be a material factor." *Id*. at 11 (emphasis in original). Asserting that "the Baker Court did not cite any medical evidence supporting its conclusion that evaluating psychologists or physicians who report a 2-hour block limitation did not mean exactly that,"[4] the plaintiff suggests that the reasoning in *Baker* "simply makes no sense." *Id*. at 11-12. To the contrary, Judge Kravchuk's reasoning in *Baker* makes a lot of sense, as I concluded in *MacDougall*, and there was no need to support her conclusion with medical evidence.

The plaintiff's second reason is an assertion that "the Baker Court *assum[ed]* that unskilled jobs afford an individual periodic rest periods at 2-hour intervals[,]" and that this assumption is erroneous because "there is no regulatory or statutory requirement that an employer provide breaks at 2-hour intervals." *Id*. at 12 (emphasis in original). This argument

---
[4] The *Baker* opinion discusses only psychologists' evaluations, not those of any physician.

7

was made by the plaintiff's attorney in *MacDougall*, Plaintiff's Itemized Statement of Specific Errors (ECF No. 15), *Carol MacDougall v. Commissioner of Social Security*, No. 2:10-cv-400-GZS, at 19-20, and rejected there. The plaintiff here offers no persuasive reason to revisit that recent conclusion.

The third proffered reason advanced by the plaintiff is an assertion that "the Baker court made unsupported assumptions about what psychologists and physicians actually intend when they find that a claimant can work for 2-hour blocks of time."[5] Itemized Statement at 12. The plaintiff characterizes these "assumptions" as "at best[] speculative." *Id.* To the contrary, Judge Kravchuk made no "assumptions about what psychologists . . . actually intend."[6] She used the clear language of POMS, which is intended to guide the state-agency psychologists as they fill out the Psychiatric Review Technique Forms, to clarify the meaning of their strikingly similar statements. Other courts agree with Judge Kravchuk's conclusions on this issue. *See, e.g., Hawley*, 2012 WL 1268475, at *7; *McGrath*, 2012 WL 976026, at *6.

The plaintiff's fourth and final proffered basis to distinguish his claim from those presented in *Baker* and *MacDougall* is that the occupational base would not be significantly eroded by "mere limitations to simple tasks and [limited] interactions with co-workers and the public" is not supported because "the medical evidence requires that Mr. Tibbetts' non-exertional, 2-hour durational limitation also be considered." Itemized Statement at 13. I have already rejected the contention that the two-hour blocks mentioned by the state-agency psychologists must be specifically included in a claimant's RFC as a matter of law. Because this argument is based on that claim, it falls with it.

---

[5] Actually, neither Dr. Lester nor Dr. Stahl said that the plaintiff in this case "can work for 2-hour blocks of time," nor did Dr. Lester in the *Baker* case. What they said, precisely, is set out in the text quoted in the earlier section of this recommended decision, *infra* at 4.

[6] Again, the *Baker* opinion does not deal with any physician's report or evaluation.

8

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of June, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge